Dear Assistant Chief Smith:
Your request for an opinion concerning the legality of multiple office-holding has been forwarded to me for research and reply. Specifically, you have asked the following question:
 May the same individual contemporaneously hold the offices of city attorney, public defender, and
Mayor's Court magistrate?
Whenever a government official serves in various capacities within several interrelated state or local governmental agencies, there exists a natural concern for any actual or perceived bias. This situation raises two distinct issues regarding both the legality of the dual employment and the propriety of a possible conflict of interest.
The first issue that must be addressed is the legality of multiple employment under Louisiana's Dual Office-holding prohibitions (La. R.S. 42:61-66). The controlling statute in this regard is La. R.S. 42:63(E), which provides, in pertinent part:
 No person holding a full time appointive office or full time employment in the government of this state shall hold another full time appointive office or full time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
Section 63(E) applies to the various governmental positions of city attorney, mayor's court magistrate, and public defender. Under La. R.S. 42:62(9), "political subdivision" means "A parish, municipality, and any other unit of local government . . . authorized by law to perform governmental functions. In addition, for purposes of [the dual office-holding prohibitions] mayor's courts, justice of the peace courts, district attorneys . . . and all other elected parochial officials shall be separate political subdivisions."
Furthermore, for purposes of the Dual Office-holding provisions of La. R.S. 42:61-66, "full time" is defined as "the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work." La. R.S. 42:62A(4). Conversely, "part time means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time." La. R.S. 42:62A(5).
The prohibitions contained in § 63 essentially prohibit full time public officials from holding other full time positions — regardless of whether they are elective, appointive, or employment. More specifically, where an individual holds a full time state appointive office or employment, § 63 prohibits him from holding any other public office or employment except a local part time appointive office or local part time employment. Similarly, where an individual holds a part time state appointive office or employment, § 63 permits him to serve only in a local full time or part time appointive office or employment. Moreover, a full time local official may only hold a state or local part time appointive office, or state or local part time employment. But in no case may the same individual contemporaneously hold two or more full time positions in any capacity.
The law has adopted this scheme out of a concern over an individual's competing allegiances. This principle is embodied in the legislature's declaration of policy found in La. R.S. 42:61, which declares:
 The attainment of a high level of confidence and trust by the general citizenry in public officials, employees, and governmental decisions is . . . impaired by the excessive accumulation of governmental power which may result from public officials or employees holding two or more public offices or public jobs.
Likewise, such multiple office-holding also raises significant questions about the propriety of allowing a city attorney to simultaneously preside as magistrate for the mayor's court. However, specific questions concerning any possible conflict of interest within the judiciary should be referred to the Judicial Commission of the Louisiana State Bar Association.
Thus, it is the opinion of this office that the same individual cannot contemporaneously hold more than one full time elective or appointive office.
If our office can be of further assistance, please do not hesitate to contact us. With kindest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: FREDERICK A. DUHY, JR. Assistant Attorney General